# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00248-GPG

STEPHEN HAFF, of the Haff family,

      Plaintiff,

v.

THE STATE OF COLORADO,

      Defendant.

---

## ORDER DIRECTING PLAINTIFF TO FILE
## AN AMENDED PRISONER COMPLAINT

---

Plaintiff, Stephen Haff, currently is detained at the Denver County Jail in Denver, Colorado.  Plaintiff initiated this action by filing *pro se* a Prisoner Complaint and Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. The § 1915 motion and affidavit has been granted.

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  The Court, however, should not act as a *pro se* litigant's advocate.  *See Hall*, 935 F.2d at 1110.  For the following reasons, the Court will direct Plaintiff to file an amended Prisoner Complaint.

First, Plaintiff's § 1983 claims against the State of Colorado are barred by the Eleventh Amendment.  States enjoy Eleventh Amendment immunity from liability under § 1983, regardless of the relief sought. *Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252–53 (10th Cir. 2007); *Higganbotham v. Okla. Transp. Comm'n*, 328

F.3d 638, 644 (10th Cir. 2003).  Congress did not abrogate Eleventh Amendment

immunity through Section 1983.  *See Quern v. Jordan*, 440 U.S. 332, 345 (1979).

Accordingly, Plaintiff should not name the State of Colorado as a Defendant in the

amended complaint.

      Second, the Court finds that the Complaint does not comply with the pleading

requirements of Rule 8 of the Federal Rules of Civil Procedure because Plaintiff fails to

set forth a short and plain statement of his claims showing that he is entitled to relief.

The allegations also are unnecessarily prolix and unintelligible. The twin purposes of a

complaint are to give the opposing parties fair notice of the basis for the claims against

them so that they may respond and to allow the court to conclude that the allegations, if

proven, show that the  is entitled to relief.  *See Monument Builders of Greater Kansas*

*City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).

The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV*

*Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991),

*aff'd*, 964 F.2d 1022 (10th Cir. 1992).

      Specifically, Rule 8(a) provides that a complaint "must contain: (1) a short and

plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain

statement of the claim showing that the pleader is entitled to relief, and (3) a demand

for the relief sought . . . ."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1),

which provides that "[e]ach allegation must be simple, concise, and direct."  Taken

together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity

by the federal pleading rules.  Prolix pleadings violate the requirements of Rule 8.

      Finally, the Complaint is deficient because Plaintiff fails to allege facts to show

the personal participation of each defendant.  A § 1983 claim requires "personal

involvement in the alleged constitutional violation." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir.2009); *see also Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *see also Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)).  A supervisor defendant is not subject to liability under § 1983 on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (stating that a supervisor can only be held liable for his own deliberate intentional acts); *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) (stating that "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").  "[I]t is particularly important" in a § 1983 case brought against "a number of government actors sued in their individual capacity . . .  that the complaint make clear exactly *who* is alleged to have done *what* to *whom* . . .  as distinguished from collective allegations." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  The Court,

however, will give Plaintiff an opportunity to cure the deficiencies in the Complaint by submitting an amended Prisoner Complaint that meets the requirements of Fed. R. Civ. P. 8.

To state a claim in federal court Plaintiff must explain (1) what a defendant did to him; (2) when the defendant did it; (3) how the defendant's action harmed him; and (4) what specific legal right the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights.  However, if Plaintiff uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Finally, the Local Rules of Practice for this Court, specifically D.C.COLOLCivR 10.1(e), provide that all documents be double spaced.  Therefore, the amended Prisoner Complaint Plaintiff files must be double spaced. Accordingly, it is

ORDERED that Plaintiff file an amended Prisoner Complaint that complies with the above directives, **within thirty days from the date of this Order**.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner Complaint form, (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use that form in filing the amended Prisoner Complaint.

FURTHER ORDERED that if Plaintiff fails to comply with this Order within the time allowed the Court will dismiss the action without further notice.

DATED February 10, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____
United States Magistrate Judge